1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| GENESIS MERCHANT PARTNERS, L.P., | CASE NO. 11cv1589 JM(WVG) |
| Plaintiff, | ORDER FOLLOWING REMAND; GRANTING RESCISSION; DENYING RESTITUTION |
| v. | |
| NERY'S USA, INC.; JOHN CATHCART; and COMMERCIAL TARGA, S.A. DE C.V., | |
| Defendants. | |
| NERY'S USA, INC. | |
| Counter-Claimant, | |
| v. | |
| GENESIS MERCHANT PARTNERS, L.P. | |
| Counter-Defendant. | |

22
23
24
25

Following remand from the Ninth Circuit, the court addresses the issue of rescission, considers Genesis Merchant Partners, L.P.'s claim for unjust enrichment, and grants Nery's claim for rescission.

26

**BACKGROUND**

27
28

The court incorporates its July 26, 2013 Statement of Decision ("SOD") as if fully set forth herein, including the definitions of terms. Filed on March 3, 2016, the

1   Mandate from the Ninth Circuit vacated the Judgment resulting from the SOD and

2   remanded the matter for further proceedings.

3        On March 21, 2016, the court conducted a status conference with the parties and

4   requested further briefing on the remanded issues.  The court provided the parties with

5   the opportunity to supplement the evidentiary record, consistent with the Ninth

6   Circuit's remand order.  At the time of oral argument on June 3, 2016, both parties

7   represented that the court possessed sufficient evidence to resolve the outstanding

8   issues.

9   **The SOD**

10       On July 26, 2013, the court issued its SOD.  With respect to the breach of

11  contract and rescission claims, the court analyzed the parties' arguments and evidence

12  and concluded:

13           As set forth above, Nascent materially breached the SPA in several
             ways, individually and collectively. The breach(es), attributed to Genesis,
14           excuse Nery's from performing under the contract. Genesis, therefore, is
             not entitled to recover on its breach of contract claim against Nery's or
15           Targa. Nery's is entitled to judgment on Genesis' contract claim as well
             as reasonable attorney fees, as provided by law in defending this claim.
16
             The court also concludes that Nery's, should it so elect, is entitled
17           to rescind the SPA agreement upon tender of its Targa shares. Such a
             remedy will result in Genesis receiving Targa's assets. Nery's is entitled
18           to restitution of $46,250 from Genesis representing the earlier payments
             by Nery's to Genesis under the SPA as well as recoverable interest and
19           attorney fees in favor of Nery's.

20  The court also found that Nery's was not unjustly enriched.

21       The court highlights that the SOD concluded that Nery's timely sought

22  rescission.  While the court correctly conditioned rescission on Nery's tendering the

23  Targa shares at issue, the trial court erred by not clarifying that Nery's was under the

24  obligation to elect between the remedy of contract damages or rescission, but not both.

25       The court notes that the Judgment entered by the court, prepared and submitted

26  to the court by Nery's, does not accurately reflect the findings and conclusions set forth

27  in the SOD.  The Judgment provides as follows:

28           Following a five-day bench trial in this action between Plaintiff Genesis
             Merchant Partners, LP and Defendants Nery's USA, Inc., Commercial

1    Targa, and John Cathcart, the court found that Plaintiff had not met its
2    burden of proof on the issue of liability for the reasons set forth in the
     court's Statement of Decision Pursuant to Rule 52, entered July 26, 2013.
3    See Dkt. No. 156. In this order, the court further found that Defendants
     are entitled to reasonable attorney's fees as provided by law.

4    Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that
5    Plaintiff recover nothing with regard to the claims alleged in the
     complaint. With the court having ruled in their favor, Defendants may file
6    a motion for an award of fees and a separate bill. . . .

7   (Ct. Dkt. 164).  The SOD also found "in favor of said Defendants and each of them and

8   against Plaintiff[] on all claims.  Defendants are to prepare a judgment."

9   **The Remand**

10       Upon remand, the Ninth Circuit instructed the parties and court that the remedy

11  for the Nascent breach of the SPA is either (1) disaffirm the contract and collect

12  damages resulting from the rescission, or (2) affirm the contract and recover damages

13  for the breach.  See Wong v. Stoler, 188 Cal.Rptr.3d 674, 680 ( 2015).  The Ninth

14  Circuit also instructed that "any damages for Nascent's breach of its contractual duty

15  to indemnify should be offset against the note."  In the event Nery's seeks rescission,

16  the Ninth Circuit also instructed the court to consider whether "Genesis has a claim for

17  unjust enrichment arising out of Nery's ownership of Targa before the rescission."

18  **Nery's Election**

19       Nery's elects to rescind the contract.  Genesis contends that Nery's late request

20  for rescission, coming six years after completion of the Targa sale, is untimely and no

21  longer an available remedy.  Genesis argues that the damages arising from Nascent's

22  breach should be offset against the unpaid balance of Nery's note and a judgment

23  entered in its favor consisting of the balance of the Nery's note after deducting

24  damages, unpaid interest on the note, and attorney's fees and costs.  Genesis seeks an

25  award of $2,556,758 in its favor.

26       As set forth in the SOD, to establish a claim for rescission, the party rescinding

27  the contract must (1) give notice to the other party promptly upon discovery of facts

28  entitling the party to rescind, and (2) return or offer to return any consideration

received from the other party under contract.  Cal. Civ. Code §§1691(a) and (b).  The court found that Nery's provided Genesis with timely notice of rescission; and Genesis did not challenge this factual determination on appeal.  Accordingly, the timely notice requirement is satisfied, at least through the entry of the SOD.

The more narrow issue raised by Genesis is whether the remedy of rescission is now available to Nery's.  The record reveals that Nery's has never, up until now, made an election between contract damages and rescission.  While the SOD determined that Nery's was damaged by Nascent's misrepresentations, the court also concluded that Nery's was entitled to rescission, conditioned upon the tender of Targa stock to Genesis.[1]  The Judgment does not accurately reflect an award of either contract damages or rescission.  Rather, the Judgment provides, in essence, that Genesis failed to meet its burden of proof on the issue of liability and awarded Nery's attorney's fees and costs.  The remedy provided for in the Judgment is not a legally available remedy (nor, without election, are the remedies identified in the SOD).

Genesis argues that six years have passed since the commencement of this action and that this passage of time is too long to permit rescission. This argument is  not persuasive.  Genesis was on notice from the get-go that Nery's was seeking to rescind the SPA with Nascent.  The court notes that Nery's provided timely notice of its intent to rescind the SPA on August 19, 2011.  (Ct. Dkt. 9).  Notably, "the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice."  Cal. Civ. Code §1691. Further, the SOD found that rescission was timely and appropriate about two years and five months after commencement of the action and Genesis fails to explain how the passage of time pending appeal (about three years and four months) alters the court's analysis.  Genesis erroneously contends that the passage of six years since the commencement of this action makes "it impossible at this stage to 'restore everything of value received under

---

[1]The court highlights that neither the parties nor the court raised the issue of election of remedies prior to issuance of the SOD.

1  the contract' to Genesis." (Brief re: remand at p.21:5-6).  Genesis raises the following

2  rhetorical questions in support of this argument: How does the court account for lost

3  opportunity costs in which Genesis could have improved the business; will the court

4  scrutinize every business decision made by Nery's; how will the court address the

5  "possibility" that Nery's has under invested in Targa and diminished its value; and

6  what if Targa has been looted?[2]

7      California law also supports Nery's pursuit of the remedy of rescission.  In

8  Glendale Fed. Savings & Loan Assn. v. Marina View Heights Development Co., 66

9  Cal.App.3d 101 (1977),   the Court of Appeals noted that

10     the doctrine of election of remedies is applicable only where the remedy
       initially pursued is a real remedy available to the plaintiff.  If plaintiff is
11     mistaken and attempts to avail himself of a remedy to which he is not
       legally entitled, he is not thereby precluded from pursuing the alternative
12     remedy.

13  Id. at 137; Papenfus v. Webb Prod. Co., 48 Cal.App.2d 631, 633 (1941) ("[W]here a

14  party makes a mistake in election of remedies, he is not estopped by his abortive

15  election from subsequently resorting to and pursuing a remedy to which he was really

16  entitled."); Restatement (Second) of Contracts, §378 cmt. C (1981) (The election of

17  remedies doctrine "applies only where a party pursues a remedy that he actually has.

18  A party is not precluded from pursing other remedies by the fact that he has made a

19  mistaken attempt to obtain a remedy that is not available to him, even if his original

20  choice has been relied on by the other party."); Far West Federal Bank, S.B. v. Office

21  of Thrift Supervision-Director, 119 F.3d 1358 (9th Cir. 1997).  Applying the reasoning

22  of Glendale, Nery's is entitled to rescission because the remedy provided for in the

23  Judgment does not accurately reflect the remedies identified in the SOD and the SOD

24  failed to make clear that the remedies identified therein were subject to the doctrine of

25  election of remedies.

26      In sum, the court concludes that rescission is a timely, fair, and equitable remedy

27

28      [2] The court notes that these rhetorical statements are better addressed in context
    of Genesis's claim for unjust enrichment.

provided that Genesis be compensated for unjust enrichment, if any, arising out of Nery's ownership of Targa before election of the remedy of rescission. Accordingly, the court orders the following:

1)  Nery's shall deposit the stock certificates with the Clerk of Court to be forwarded to Genesis;

2) Genesis shall deposit $585,961.07 with the Clerk of Court, consisting of the monies paid by Nery's on the underlying note ($46,250) and the attorney's fees and costs previously awarded pursuant to the SPA ($539,711.07).

3) The parties are instructed to meet and confer to arrange for the transfer of the monies and stock certificates identified above.  The transfers of monies and the Targa stock shall occur within 60 days from the date of entry of this order; and

4)  Nery's shall continue to operate Targa in good faith and in the ordinary course of business until the parties fulfill their mutual obligations identified herein.

**Unjust Enrichment**

The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another."  Lectrodryer v. SeoulBank, 77 Cal.App.4th 723, 726 (2000).  Unjust enrichment "is synonymous with restitution." Melchior v. New Line Production, Inc., 106 Cal.App. 779, 793 (2003).  Restitution must be supported by the evidence and be consistent with the purpose of restoring to the plaintiff the benefit acquired by the other party.  See Colgan v. Leatherman Tool Group, Inc., 135 Cal.App.4th 663, 694–700, fn. 22 (2006).

Here, Genesis fails to meet its evidentiary burden to show that Nery's has been unjustly enriched.  Genesis simply fails to identify any evidence to show that Nery's has unjustly retained any benefit related to its operation of Targa.  Rather, the focus of Genesis is on the amount of interest it would have earned under the SPA.  Using a 10% simple interest rate on the face value of the note ($1.85 million), Genesis concludes that it is entitled to contract interest payments, after offset for the amount paid by Nery's on the note ($46,250), in the amount of $1,110,000.  This is an incomplete

1    measure of restitution damages.

2        While there is no doubt that Nery's benefitted by not paying interest on the note,

3    the issue is whether the non-payment of interest is an unjust or unfair benefit. Genesis

4    contends that it is impossible to determine restitution damages by raising the following

5    rhetorical questions: How does the court account for lost opportunity costs in which

6    Genesis could have improved the business; will the court scrutinize every business

7    decision made by Nery's during its operation of Targa; how will the court address the

8    "possibility" that Nery's has under invested in Targa thereby diminishing its value; and

9    what if Targa has been looted? This speculative and rhetorical exercise is one-sided

10   and misses the mark. One could also speculate that the value of Targa, an on-going

11   concern for many years, has substantially more value than when it was assumed by

12   Nery's as a debt-ridden and practically moribund business due to prior mismanagement

13   and hidden liabilities. Indeed, Nery's could pose the question: "Haven't we made a silk

14   purse out of a sow's ear?"   But these inquiries would have also missed the mark.

15       Any restitution analysis must account for any "unfair" benefit retained by Nery's.

16   To reasonably determine this benefit, there must be some showing of the original fair

17   market value of Targa (without the material misrepresentations made by Nascent), the

18   impact of Nery's operating Targa on diminished capital because of the material

19   misrepresentations, and the current fair market value of Targa.[3]   Other evidentiary

20   factors influencing the value of Targa include the "sweat labor" of Nery's in growing

21   and operating the business and the economic value to Nery's by not making payments

22   under the note. In short, the evidentiary record submitted by Genesis is insufficient to

23   make a reliable determination on the amount of the unfair economic benefit, if any, that

24

25

26

27       [3] As set forth in the SOD, the sale price of Targa was materially overstated in
     light of the undisclosed liabilities of Targa. Further, Nery's working capital was
28   diminished on account of the undisclosed liabilities and constrained Nery's ability to
     operate and expand Targa.

1   inured to Nery's.[4]   Accordingly, the court declines to award restitution damages to

2   Genesis.

3          In sum, the court grants Nery's claim for rescission and orders the following:

4          1)  Nery"s shall deposit the stock certificates with the Clerk of Court to be

5   forwarded to Genesis;

6          2) Genesis shall deposit $585,961.07 with the Clerk of Court, consisting of the

7   monies paid by Nery's on the underlying note ($46,250) and the attorney's fees and

8   costs previously awarded pursuant to the SPA ($539,711.07).

9          3) The parties are instructed to meet and confer to arrange for the transfer of the

10  monies and stock certificates identified above.  The transfers of monies and the Targa

11  stock shall occur within 60 days from the date of entry of this order; and

12          4)   Nery's shall continue to operate Targa in good faith and in the ordinary

13  course of business until the parties fulfill their mutual obligations identified herein.

14          **IT IS SO ORDERED.**

15  DATED:  June 30, 2016

16

17                                             Hon. Jeffrey T. Miller
                                                United States District Judge

18  cc:          All parties

19

20

21

22

23

24

25

26

27          [4] The court highlights that it afforded the parties an opportunity for further
    briefing and the submission of additional evidentiary materials.  At the time of oral
28  argument, both parties represented that the evidentiary record and briefing were
    complete.